# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.J. BRADLEY MORTGAGE CAPITAL, LLC, *et. al.*,<br><br>                      Debtors. | Chapter 7<br><br>Case No. 16-11049 (KG)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee for the jointly administered Chapter 7 bankruptcy estates of W.J. Bradley Company Merchant Partners 2003-SEED, LLC, W.J. Bradley Mortgage Capital, LLC, W.J. Bradley Corporate Services, LLC, W.J. Bradley Financial Services, LLC, and WJB Mortgage Services, LLC,<br><br>                      Plaintiff,<br>v.<br><br>WILLIAM J. BRADLEY, JOSEPH A. CAMBI, ARTHUR S. DEMOULAS, GERARD LEVINS, AUDREY KIRDAR, DANIEL BARUCH, HOWARD MICHALSKI, ASD MERCHANT PARTNERS LLC, SPRINGFIELD CAPITAL, LLC, ARTHUR S. DEMOULAS CONTINUATION TRUST, ARTHUR S. DEMOULAS 2012 TRUST and PETER PICKNELLY,<br><br>                      Defendants. | Adv. Case No. 18-50385 (KG)<br><br>**Re: Adv. D.I. 1**<br><br><br><br><br><br><br><br><br><br>**NOTICE OF RULE 30(b)(6)**<br>**<u>DEPOSITION OF PLAINTIFF</u>** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Arthur S. Demoulas, ASD Merchant Partners, Arthur S. Demoulas Continuation Trust and Arthur S. Demoulas 2012 Trust (collectively, the

"Demoulas Defendants"), by and through their undersigned attorneys will take the video deposition upon oral examination of Plaintiff George L. Miller, Chapter 7 Trustee for the jointly administered Chapter 7 bankruptcy estates of W.J. Bradley Company Merchant Partners 2003-SEED, LLC ("Plaintiff") on June 26, 2023 at the offices of Davis, Malm & D'Agostine, P.C., One Boston Place, 37th Floor, Boston, MA 02108, before a Court Reporter or other officer authorized to take depositions and will continue from day to day until completed. The Demoulas Defendants reserve the right to conduct the deposition by Zoom or other remote video conferencing services, with a link to be provided prior to the deposition date.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff is required to designate and produce one or more witnesses who are aware of and prepared to testify about Plaintiff's knowledge, and not just information personally known by him, of the topics identified in the attached Schedule A.

You are invited to attend and cross-examine.

Dated: June 8, 2023

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Michael S. Neiburg*
Michael S. Neiburg (No. 5275)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Email: mneiburg@ycst.com

-and-

**DAVIS, MALM & D'AGOSTINE, P.C.**

Christopher J. Marino (admitted *pro hac vice*)
Gary S. Matsko (admitted *pro hac vice*)
One Boston Place
Boston, MA 02108

Telephone: (617) 367-2500
Email: cmarino@davismalm.com
       gmatsko@davismalm.com

*Counsel for Arthur S. DeMoulas, ASD Merchant Partners LLC, Arthur S. DeMoulas Continuation Trust, and Arthur S. DeMoulas 2012 Trust*

3

30446107.1

## Schedule A for 30b-6 Deposition of Designee of George L Miller, Trustee

## Definitions

1. "Company" means W.J. Bradley Company Merchant Partners, 2003-SEED, LLC.

2. "Communication" or "communication" means any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

3. "Complaint" means the complaint filed in the above-captioned adversary proceeding on or about April 16, 2018.

4. "Debtors" means W.J. Bradley Company Merchant Partners 2003-SEED, LLC, W.J. Bradley Mortgage Capital, LLC, W.J. Bradley Corporate Services, LLC, W.J. Bradley Financial Services, LLC, and WJB Mortgage Services, LLC, and any of their predecessors, successors, shareholders, officers, directors, employees, agents, representatives, assigns, or persons acting or purporting to act on their behalf.

5. "DeMoulas Defendants" means and includes the defendants, Arthur S. DeMoulas, ASD Merchant Partners LLC, Arthur S. DeMoulas Continuation Trust and Arthur S. DeMoulas 2012 Trust, and any of their predecessors, successors, shareholders, officers, directors, employees, agents, representatives, assigns, or persons acting or purporting to act on their behalf.

6. "DeMoulas" means defendant Arthur S. DeMoulas.

7. "Bradley" means William J. Bradley.

8. "Cambi" means Joseph A. Cambi.

9. "Redemption" means the equity redemption, consisting of five separate transfers on December 9, 2015, pursuant to which the Company redeemed the shares of its stockholder, ASD Merchant, in exchange for $25 million, which transaction the Trustee seeks to avoid and

30446109.1

recover by the Complaint.

10. "Trustee" means the plaintiff, George L. Miller, Chapter 7 Trustee for the jointly administered bankruptcy estates of the Debtors.

11. "MIPA" means the membership interest purchase agreement between Springfield Capital, LLC and the DeMoulas Defendants, including all amendments

12. "MIMS" means MIMS Master Fund L.P., which was a party to that certain Second Amended and Restated Limited Partnership Agreement of WJB Loan LP, dated December 9, 2015 and that certain Second Amended and Restated Limited Partnership Agreement of WJB TBA LP, dated December 9, 2015.

13. "Towne" means Towne Mortgage Company, which was a party to that certain Bulk Servicing Rights Purchase and Sale Agreement, dated December 9, 2015 and that certain Forward Servicing Rights Purchase and Sale Agreement, dated December 9, 2015.

14. "Ellington" means EF Holdco Inc., which was the lender for that certain Senior Secured Term Note A, dated December 9, 2015 and that certain Multiple Advance Senior Secured Term Note B, dated December 9, 2015.

15. "Recapitalization Transaction" means the series of agreements entered into with MIMS, Towne and Ellington, on or about December 9, 2015, under which MIMS, Towne, and Ellington made certain fund available to the Company.

16. "TRID" refers to the Truth in Lending Act ("TILA") - Real Estate Settlement Procedures Act ("RESPA") Integrated Disclosure Rule issued by the Consumer Financial Protection Board.

## Instructions

1.  The Trustee is to provide a witness or multiple witnesses to respond to questions with respect to the topics set forth below.

2.  To the extent any proffered deponent does not have firsthand knowledge with respect to a topic as to which he or she is designated, that deponent is required to make such efforts to inform himself or herself with respect to the topic as are necessary to enable the deponent to respond fully with respect to any topic as to which that deponent is designated as the responding witness.

## Topics For Examination

1.  The identity and functions of agents of the Trustee who performed services with respect to the administration of the estates of the Debtors or the prosecution of the claims asserted in the Complaint.

2.  For the period prior to the filing of the Complaint, any determination of the value of the Company or the Debtors as of the date immediately prior to the Redemption, the date of the Redemption, and immediately after the Redemption, including the basis for such determination.

3.  For the period since the filing of the Complaint, any determination of the value of the Company or the Debtors as of the date immediately prior to the Redemption, the date of the Redemption, and immediately after the Redemption, including the basis for such determination.

4.  The statement in paragraph 2a of the Complaint that the $25,000,000 redemption price was nearly twice the value of the shares and the basis for it.

5.  The Houlihan Lokey March 2015 Board Presentation (Included in Deposition Ex.4) and any consideration or reliance on it by the Trustee in asserting any allegation in the Complaint.

6.  For the period prior to the filing of the Complaint, any determination concerning the solvency or insolvency of the Company or the Debtors as of the date immediately prior to the Redemption, the date of the Redemption and immediately after the Redemption, including the basis for such determination.

7.  For the period since the filing of the Complaint, any determination concerning the solvency or insolvency of the Company or the Debtors as of the date immediately prior to

the Redemption, the date of the Redemption and immediately after the Redemption, including the basis for such determination.

8. The Trustee's assertion in the Complaint that DeMoulas or the DeMoulas Defendants made or participated in transfers with actual intent to hinder, delay and/or defraud the Company's creditors within the meaning of section 548(a)(1)(A) of the Bankruptcy Code or 6 Del. C. §§ 1304, and the basis of that assertion at any time prior to or since filing the Complaint.

9. The Trustee's assertion in the Complaint that the Company or Debtors did not receive reasonably equivalent value, as that term is used in section 548(a)(1)(B)(i) of the Bankruptcy Code, on account of transfers, and the basis of that assertion at any time prior to or since filing the Complaint.

10. The Trustee's assertions in the Complaint that following the Redemption, Debtors were left with an unreasonably small amount of capital for which to conduct their business, and the basis of that assertion at any time prior to or since filing the Complaint.

11. The Trustee's assertions in the Complaint that following the Redemption, the remaining assets of Debtors were unreasonably small in relation to the business of the Debtors, and the basis of that assertion at any time prior to or since filing the Complaint.

12. The Trustee's assertion in the Complaint that the Company became insolvent as a result of the Redemption, and the basis of that assertion at any time prior to or since filing the Complaint.

13. The transition from a transaction under the MIPA to the Redemption.

14. The role of the Redemption in the Recapitalization Transaction.

15. The Trustee's assessment and/or consideration of the impact of the Recapitalization Transaction, closed contemporaneously with the Redemption Transaction, on the Company's or the Debtors' financial strength following the closing on those transactions and the basis for that assessment.

16. The basis for the allegation in paragraph 35 of the Complaint that DeMoulas did not care about the impact of the Redemption on the Company.

17. The basis for the allegation in paragraph 36 of the Complaint that Cambi, Bradley and DeMoulas ignored the interest of Debtors and the Company in proceeding with the Redemption.

18. The Trustee's assessment and/or consideration of the impact of TRID and loss of mortgage origination branches on the financial condition of the Company or the Debtors and the basis for that assessment.

19. The Trustee's assessment and/or consideration of the impact of the additional capital and liquidity from the Recapitalization Transaction.

20. The Trustee's assertion in paragraph 55 of the Complaint that the financial condition of Debtors and the Company worsened significantly throughout 2015.