**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>W.J. BRADLEY MORTGAGE CAPITAL, LLC, *et.al*.,<br>*Debtors*. | Chapter 7<br><br>Case No. 16-11049 (BLS)<br><br>Jointly Administered |
| GEORGE L. MILLER, Chapter 7 Trustee for the jointly administered Chapter 7 bankruptcy estates of W.J. Bradley Company Merchant Partners 2003-SEED, LLC, W.J. Bradley Mortgage Capital, LLC, W.J. Bradley Corporate Services, LLC, W.J. Bradley Financial Services, LLC, and WJB Mortgage Services, LLC,<br><br>*Plaintiff*,<br>v.<br><br>WILLIAM J. BRADLEY, JOSEPH A. CAMBI, ARTHUR S. DEMOULAS, GERARD LEVINS, AUDREY KIRDAR, DANIEL BARUCH, HOWARD MICHALSKI, ASD MERCHANT PARTNERS LLC, SPRINGFIELD CAPITAL, LLC, ARTHUR S. DEMOULAS CONTINUATION TRUST, ARTHUR S. DEMOULAS 2012 TRUST, and PETER PICKNELLY,<br>*Defendants*. | Adv. Pro. No. 18-50385 (BLS) |

**<u>JOINT MOTION FOR WITHDRAWAL OF REFERENCE</u>**

Plaintiff George Miller, Chapter 7 Trustee and defendants Arthur S. Demoulas, ASD Merchant Partners LLC, Arthur S. Demoulas Continuation Trust and the Arthur S. Demoulas 2012 Trust[1] hereby jointly file this Motion for Withdrawal of Reference, and in support thereof state as follows:

[1] DeMoulas, ASD, and the Trusts are referred to herein as the "DeMoulas Defendants." The DeMoulas Defendants are the only defendants remaining in the case; the Trustee reached settlements with the other defendants. Certain of

## I. BACKGROUND

The Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code on April 28, 2016 (the "Petition Date") in the United States Bankruptcy Court for the District of Delaware. The cases are being jointly administered under the caption *In re W.J. Bradley Mortgage Capital, LLC, et al.*, U.S.B.C. D. Del., Case No. 16-11049 (KG). George Miller, the duly appointed and acting Chapter 7 Trustee of the above captioned Debtor's bankruptcy estate (the "Trustee") commenced the above captioned adversary proceeding (the "Adversary Proceeding" or the "Demoulas Adversary") against William J. Bradley, Joseph A. Cambi, Arthur S. Demoulas, Gerard Levins, Audrey Kirdar, Daniel Baruch, Howard Michalski, Springfield Capital, LLC, Arthur S. Demoulas Continuation Trust, Arthur S. Demoulas 2012 Trust and Peter Picknelly on April 16, 2018. In the Adversary Proceeding the Trustee seeks to avoid the December 2015 redemption of the DeMoulas Defendants' shares in Debtor WJB SEED (the "Redemption Transaction"). The Redemption Transaction consisted of five separate monetary transfers, totaling $25 million, made to the DeMoulas Defendants, as well as purported releases of certain claims. In this regard, the following claims remain against the DeMoulas Defendants:

a. Count 2: Avoidance of transfers related to the Redemption Transaction pursuant to 11 U.S.C. § 548(a)(1)(A) (actual fraudulent transfer);

b. Count 3: Avoidance of transfers related to Redemption Transaction pursuant to 11 U.S.C. § 548(a)(1)(B) (constructive fraudulent transfer);

c. Count 5: Avoidance of transfers related to Redemption Transaction pursuant to 6 Del. C. §§ 1304 & 1305 and 11 U.S.C. § 544; and

d. Count 6: Recovery of avoided transfers under 11 U.S.C. § 550.

---

the claims against the DeMoulas Defendants have also been dismissed, leaving the Avoidance Claims identified above as the only remaining claims in the case.

(collectively, the "Avoidance Claims").

Additionally, the Trustee's complaint states a demand for a jury trial before an Article III judge and the Trustee does not consent to the entry of final judgment or adjudication by a bankruptcy judge. The DeMoulas Defendants did not file proofs of claims and agree to a jury trial before an Article III judge and do not consent to the entry of final judgment or adjudication by a bankruptcy judge. Each of the scheduling orders entered by the bankruptcy court, including the operative scheduling order [D.I. 160], expressly provides that "the parties with the assistance of the Court, will request that the District Court set a trial date". All fact and expert discovery has been completed and neither party moved for summary judgment. As such, the matter is ready to be withdrawn to the District Court for pretrial scheduling and setting a trial date.

## II. LEGAL ARGUMENT

### A. ALL OF THE FACTORS TO BE WEIGHED BY THE DISTRICT COURT IN DECIDING THIS MOTION SUPPORT A WITHDRAWALOF THE REFERENCE

Pursuant to 28 U.S.C. § 157(d), the United States District Court for the District of Delaware (the "District Court") should withdraw the reference to the Bankruptcy Court as each of the factors to be considered by the District Court in making such a determination weigh in favor of withdrawing the reference in this matter.

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

In determining whether to withdraw a reference to the Bankruptcy Court for cause, a District Court will consider several factors, including the most efficient use of judicial resources, the delay and

costs to the parties, uniformity of bankruptcy administration, prevention of forum shopping, economical use of the debtor's and litigant's resources, and expediting the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990). Withdrawal for "cause" also includes considerations of judicial economy such as whether jury trial rights exist and whether the proceedings are core or non-core. *NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 908 (D. Del. 1996); *see also In re Winstar Commc'ns, Inc.*, 321 B.R. 761, 764 (D. Del. 2005); *In re Appleseed's Intermediate Holdings, LLC*, Civ. No. 11-8-7 (JEI/KM), 2011 WL 6293251, at *2 (D. Del. Dec. 15, 2011). Each of the above factors weighs in favor of withdrawal of the reference of the Adversary Proceeding from the Bankruptcy Court in this case.

**1. Withdrawal for Cause Is Warranted Because the Parties Have a Right to a Jury Trial**

The parties' jury trial right strongly supports—and perhaps compels—withdrawing the reference. *See, e.g., In re NDEP Corp.*, 203 B.R. at 908, 914 ("Because the parties have not expressly allowed the bankruptcy court to hold a jury trial in this adversary proceeding and because this court has not made a special designation of jurisdiction, the bankruptcy court is not statutorily empowered to hold a jury trial in this matter. *For this reason alone withdrawal is compelled*.") (emphasis added)); *In re Uni Marts*, No. 09-164, 2009 WL 1631821, at *2 (D. Del. June 11, 2009) (holding withdrawal is compelled where defendant retains its Seventh Amendment right to trial by jury); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57–58, 109 S. Ct. 2782 (1989) (confirming that a trustee's avoidance claims seeking monetary recovery are plenary actions at law and that a defendant has a right to a jury trial absent waiver) (internal citation omitted). As noted above, the Complaint includes a jury trial demand, both parties want a jury trial before an Article III judge, and both parties have expressly stated they *do not* consent to the entry of final judgment or adjudication by a bankruptcy judge. Cause therefore exists for this Court to withdraw the

reference.

**2. The Causes of Action include core claims but that is not dispositive**

The remaining counts in the Trustee's complaint are a mix of core claims under Chapter 5 of the Bankruptcy Code and state law avoidance claims. Still, the fact that a proceeding is "core" is "not dispositive," *Karagjozi*, 2017 U.S. Dist. LEXIS 151776, 2017 WL 4155104, at *3, and the Court must also assess four factors the Third Circuit has identified as germane to withdrawal decisions. *See In re Dwek*, 2010 U.S. Dist. LEXIS 61823, 2010 WL 2545174, at *4 (citing *In re Pruitt*, 910 F.2d 1160 (3d Cir. 1990)).

**3. Other Factors Weigh in Favor of Withdrawing the Reference**

Keeping this case in the Bankruptcy Court will not "promote the uniformity of bankruptcy administration." Judicial resources would be conserved if the reference is withdrawn and this case is transferred to District Court. Since the Trustee requested a jury trial, the Bankruptcy Court may not conduct a jury trial in this case. In deciding whether to withdraw a case from the bankruptcy court based on a jury demand, courts consider (1) whether the case is likely to reach trial; (2) whether protracted discovery with court oversight will be required; and (3) whether the bankruptcy court is familiar with the issues presented. *In re Enron Corp.* 317 B.R. 232,235 (S.D.N.Y. 2004). Here the case is likely to reach trial. Mediation was conducted but failed to resolve the case. The parties have completed all fact and expert discovery and neither party moved for summary judgment, so no bankruptcy court oversight will be necessary.

Judicial efficiency would be best promoted by withdrawal of the reference because in the event of an appeal, judicial resources would be wasted, resulting in duplicative briefing and cause both parties to incur unnecessary expense.

Likewise, withdrawing the reference is consistent with disapproval of forum shopping.

Withdrawal is being sought not because the parties are looking for a friendlier forum but because a jury trial before an Article III judge was requested. Moreover, the parties have timely sought withdrawal of the reference as all of the other defendants have reached settlement agreements with the Trustee. The parties have jointly filed this motion in a timely fashion and they have not moved based on an effort to stall litigation or conjure procedural delay. As noted, all discovery has been completed and neither party filed a pre-trial dispositive motion. The matter is ready to be set for trial and the parties have agreed that the reference to the Bankruptcy Court of the Adversary Proceeding should be withdrawn.

WHEREFORE, the parties respectfully request that this Court enter an order (i) withdrawing the reference to the Bankruptcy Court as to the Adversary Proceeding and (ii) granting such other relief as is just and proper.

Dated: February 26, 2024

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
Tel: (302) 425-5806
Email: rgellert@gsbblaw.com

and

Steven M. Coren, Esq. (admitted *pro hac vice*)
Benjamin M. Mather, Esq. (admitted *pro hac vice*)
Coren & Ress, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 735-8700

*Counsel for George L. Miller, Plaintiff and Chapter 7 Trustee*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Michael S. Neiburg*
Michael S. Neiburg (5275)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Tel. (302)576-3590
mneiburg@ycst.com

-and-

DAVIS, MALM & D'AGOSTINE, P.C.
Christopher J. Marino (admitted pro hac vice)
Gary S. Matsko (admitted pro hac vice)
One Boston Place
Boston, MA 02108
Telephone: (617) 367-2500
Email: cmarino@davismalm.com
gmatsko@davismalm.com

*Counsel for Arthur S. DeMoulas, ASD Merchant Partners LLC, Arthur S. DeMoulas Continuation Trust and Arther S. DeMoulas 2012 Trust*